IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Virtual Preparatory Academy of PA : 
Cyber Charter School, : 
     : 
               Petitioner : 
     : 
               v. : No. 1053 C.D. 2022
     : Argued: November 6, 2023
Pennsylvania Department of : 
Education (State Charter School : 
Appeal Board), : 
     : 
               Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge[1]
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                      FILED: December 17, 2024

          Virtual Preparatory Academy of PA Cyber Charter School (Virtual Prep) petitions for review of the order of the State Charter School Appeal Board (CAB) that affirmed the decision of the Pennsylvania Department of Education (PDE) and denied Virtual Prep's revised application to establish a cyber charter school. Virtual Prep argues that CAB committed seven errors of law when it concluded that Virtual Prep's revised application failed to satisfy several

---

[1] The above-captioned appeal was reassigned to the author on August 29, 2024.

requirements of the Charter School Law (CSL) as contained in the Public School Code (School Code)[2] and the curriculum standards in PDE's Chapter 4 regulations (PDE Chapter 4 Regulations)[3] applicable to cyber charter school applicants. However, upon review, we affirm the CAB's decision because Virtual Prep's curriculum fails to satisfy the requirements of the CSL and the curriculum standards in PDE's Chapter 4 Regulations applicable to cyber charter school applicants.[4]

The relevant background from the certified record may be summarized as follows.[5] On October 1, 2019, Virtual Prep submitted an application to establish a cyber charter school and PDE held a public hearing and denied the application on January 27, 2020.

As permitted by Section 1745-A(g) of the CSL, 24 P.S. §17-1745-A(g), on October 1, 2020, Virtual Prep submitted a revised application (Revised Application) to PDE, seeking to operate a cyber charter school serving grades K-10 in year 1, adding grade 11 in year 2, and adding grade 12 in year 3, with a projected enrollment of 2,500 students in year 5. Reproduced Record (R.R.) at 71a. After a public hearing, PDE denied Virtual Prep's Revised Application in a written decision dated November 30, 2020, concluding that the Revised Application failed to meet

---

[2] Act of March 10, 1949, P.L. 30, *as amended*, added by the Act of June 19, 1997, P.L. 225, 24 P.S. §§17-1701-A – 17-1751-A. Sections 1741-A – 1751-A of the CSL were added by the Act of June 29, 2002, P.L. 524, effective July 1, 2002, and provide additional requirements specific to cyber charter schools.

[3] PDE Chapter 4 Regulations, 22 Pa. Code §§4.1-4.83, govern "Academic Standards and Assessment."

[4] Based on our disposition of this claim, we will not address the other claims raised on appeal.

[5] The September 1, 2022 CAB Opinion is attached as Exhibit A to Petitioner Virtual Prep's brief.

several requirements of the CSL, including Virtual Prep's failure to provide complete curriculum materials as required by Section 1745-A(f)(1)(iii) of the CSL, 24 P.S. §17-1745-A(f)(1)(iii), and as further required by the curriculum standards in 22 Pa. Code Chapter 4, the PDE Chapter 4 Regulations applicable to cyber charter school applicants. R.R. at 569a-86a. PDE further concluded that Virtual Prep failed to meet the requirements of Sections 1719-A and 1747-A of the CSL, 24 P.S. §§17-1719-A, 17-1747-A, which essentially incorporate requirements from other sections of the CSL. *Id.* at 582a-83a.

Virtual Prep timely appealed PDE's decision to CAB,[6] where the parties agreed to supplement the record regarding a board member who resigned. CAB Opinion, 9/1/22, at 2. As to curriculum and the requirements of PDE Chapter 4 Regulations, CAB found that Virtual Prep provided complete curricula for English language arts and mathematics for grades K-5, but for these same subjects, Virtual Prep provided only course syllabi for the higher grades. CAB Opinion at 7. CAB also found that Virtual Prep failed to provide a grading policy, transition details, or curricula for English language learning (ELL) students. *Id.*

Based on its findings, CAB made the following relevant conclusions of law. On the issue of curriculum, CAB concluded that the Revised Application failed

---

[6] Section 1746-A of the CSL, 24 P.S. §17-1746-A, in relevant part, provides that, in the first instance, PDE shall review a cyber charter school application, and CAB has jurisdiction over a cyber charter school applicant's appeal when an application is denied. CAB shall review PDE's decision on the record as certified by PDE, and it may permit the record to be supplemented if the information was previously unavailable. Section 1717-A of the CSL, 24 P.S. §17-1717-A, requires a similar review process for brick and mortar charter schools, except that the local school district reviews the application in the first instance, and then an applicant may appeal a denial to CAB. In *West Chester Area School District v. Collegium Charter School*, 812 A.2d 1172, 1180 (Pa. 2002), our Supreme Court held that CAB must apply a *de novo* standard of review when entertaining appeals from a school district. The same standard applies to appeals to CAB from a PDE decision to deny a cyber charter school application. The parties do not dispute CAB's standard of review, and CAB made its own findings of fact and conclusions of law based on the certified record.

3

to provide complete curriculum, as defined in the PDE Chapter 4 Regulations. CAB Opinion at 21-24. CAB concluded that Virtual Prep failed to provide sufficient detail for English language arts and mathematics for grades higher than K-5, for social studies, career, and elective courses, because Virtual Prep provided only general course syllabi, and not the details required by PDE Chapter 4 Regulations. *Id.* at 22. CAB concluded that a review of the Revised Application is the best evidence of the deficiencies in the proposed curriculum and provided a specific illustration. CAB reviewed the detailed curriculum for fourth grade English language arts and determined it was broken down by units, lessons, and objectives, which is compliant with PDE Chapter 4 Regulations. *Id. See also* Supplemental Reproduced Record (S.R.R.) at 325b-36b. In contrast, CAB reviewed the curriculum for fourth grade social studies and concluded that it lacked the details required by PDE Chapter 4 Regulations, when the information provided consisted of two pages, which included a paragraph describing each semester of the course, a list of materials, skills needed, and major concepts. CAB Opinion at 22, R.R. at 133a-34a. CAB concluded "there is no way this scant amount of information meets the requirements of Section 1719-A of the CSL that the [Revised A]pplication include 'the curriculum to be offered and how it meets the requirements of [PDE Chapter 4 Regulations].'" CAB Opinion at 23. CAB concluded that Virtual Prep's fourth grade social studies curriculum could not be used to evaluate whether academic standards would be met, which is required by PDE Chapter 4 regulations.

> It is clear that [Section 4.21(e)(5) of PDE Chapter 4 Regulations], 22 Pa. Code [§]4.21(e)(5) (regarding elementary education[:] primary and intermediate levels) requires "planned instruction" aligned with academic standards for social studies in "civics and government, economics, geography and history." *Planned instruction is defined as* "[i]nstruction offered by a school entity based

4

upon a written plan to enable students to achieve the academic standards under [Section] 4.12 (relating to academic standards) and any additional academic standards as determined by the school entity." 22 Pa. Code §4.3. *Academic standard is defined as* "[w]hat a student should know and be able to do at a specified grade level." *Id.* Here, there is virtually no information with regard to [four]th grade [s]ocial [s]tudies provided in the Revised Application that could even be used to evaluate whether academic standards would be met. While [four]th grade [s]ocial [s]tudies is used as an exemplar here, the same holds true for the other areas where general syllabi are being offered in lieu of an actual curriculum.

CAB Opinion at 23 (emphasis in original).

As to compliance with Section 1747-A of the CSL, which references Section 1719-A of the CSL, CAB concluded for the reasons already discussed that Virtual Prep failed to demonstrate that its curriculum met the requirements of PDE Chapter 4 Regulations and, therefore, did not comply with Sections 1719-A and 1747-A of the CSL. CAB Opinion at 28. Virtual Prep then petitioned this Court for review.[7]

As a review of the following statutory and regulatory provisions demonstrates, although charter school applicants and cyber charter school applicants are subject to many of the same requirements regarding their proposed curriculum, cyber charter school applicants are subject to additional curriculum requirements in PDE Chapter 4 Regulations that brick and mortar charter school applicants are not. Because substantial evidence supports CAB's findings and conclusions that the

---

[7] Our review of CAB's decision is limited to determining whether constitutional rights were violated, whether CAB committed an error of law, or whether CAB's decision is supported by substantial evidence. *Insight PA Cyber Charter School v. Department of Education*, 162 A.3d 591, 594 n.3 (Pa. Cmwlth. 2017). Substantial evidence is defined as "relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Carbondale Area School District v. Fell Charter School*, 829 A.2d 400, 404 (Pa. Cmwlth. 2003).

fourth grade social studies curriculum in the Revised Application failed to satisfy PDE Chapter 4 Regulations, we affirm CAB's denial on that basis.[8]

Pursuant to Section 1702-A of the CSL, in enacting the CSL, the General Assembly's intent was to provide opportunities for teachers, parents, pupils, and community members to

> establish and maintain schools that operate independently from existing school district structure as a method to accomplish all of the following:
>
> (1) Improve pupil learning.
>
> (2) Increase learning opportunities for all pupils.
>
> (3) Encourage the use of different and innovative teaching methods.
>
> (4) Create new professional opportunities for teachers, including the opportunity to be responsible for the learning program at the school site.
>
> (5) Provide parents and pupils with expanded choices in the types of educational opportunities that are available in the public school system.

---

[8] We note that Section 1719-A of the CSL requires that a charter school, including a cyber charter school, submit an application that "shall include *all* of the following information[.]" 24 P.S. §17-1719-A (emphasis added). This list is comprised of 17 required elements, including the requirement that the application must provide "[t]he mission and education goals of the charter school, *the curriculum to be offered*[,] *and the methods of assessing whether students are meeting educational goals.*" Section 1719-A(5) of the CSL (emphasis added). Because a charter school applicant or cyber charter school applicant must provide *all* information required by Section 1719-A of the CSL, failure to satisfy just one requirement will support a denial. *See also School District of Pittsburgh v. Provident Charter School for Children With Dyslexia*, 134 A.3d 128, 136 (Pa. Cmwlth. 2016). The parties do not dispute that the Revised Application must satisfy all requirements in Section 1719-A of the CSL, and that failure to satisfy just one requirement will support the denial of an application.

6

(6) Hold the school established under the [CSL] accountable for meeting measurable academic standards and provide the school with a method to establish accountability systems.

24 P.S. §17-1702-A.

Section 1719-A of the CSL governs the contents of charter school and cyber charter school applications and requires that an application must include all 17 elements, including, "[t]he mission and education goals of the charter school, *the curriculum to be offered*[,] *and the methods of assessing whether students are meeting educational goals.*" Section 1719-A(5) of the CSL (emphasis added). Section 1717-A(e)(2)(ii) of the CSL applies only to brick and mortar charter schools and, relevant here, requires that a local school district evaluate a charter school application using a minimum of four criteria, one of which is whether the applicant is capable, "in terms of support and planning, to provide comprehensive learning experiences to students pursuant to the adopted charter." *See* 24 P.S. §17-1717-A(e)(2)(ii) of the CSL.

Section 1745-A(f)(1) of the CSL provides requirements specific to the establishment of a cyber charter school, including a list of criteria for evaluating a cyber charter school application. It states:

(**f**) **Evaluation criteria**.—

(1) A cyber charter school application submitted under this subdivision shall be evaluated by [PDE] based on the following criteria:

(i) The demonstrated, sustainable support for the cyber charter school plan by teachers, parents or guardians and students.

(ii) The capability of the cyber charter school applicant, in terms of support and planning, to provide

7

comprehensive learning experiences to students under the charter.

*(iii) The extent to which the programs outlined in the application will enable students to meet the academic standards under 22 Pa. Code Ch. 4 (relating to academic standards and assessment) or subsequent regulations promulgated to replace 22 Pa. Code Ch. 4.*

(iv) The extent to which the application meets the requirements of [S]ection 1747-A.

(v) The extent to which the cyber charter school may serve as a model for other public schools.

24 P.S. §17-1745-A(f)(1) (emphasis added).

Three subsections are relevant to a cyber charter school applicant's curriculum. Section 1745-A(f)(1)(ii) of the CSL requires cyber charter school applicants to be evaluated on their capability in terms of support and planning to provide "comprehensive learning experiences" to students under the charter, the same general curriculum requirement applicable to brick and mortar charter school applicants. Section 1745-A(f)(1)(iii) of the CSL requires cyber charter school applications to be evaluated on the extent to which the programs outlined in the application "will enable students to meet the academic standards" in PDE Chapter 4 Regulations. Section 1745-A(f)(1)(iv) of the CSL requires cyber charter applications to be evaluated on the extent to which the application "meets the requirements of Section 1747-A" of the CSL. Section 1747-A(1) of the CSL provides a list of 16 requirements applicable specifically to cyber charter school applications, which include the following:

In addition to the provisions of [S]ection 1719-A, an application to establish a cyber charter school shall also include the following:

8

*(1) The curriculum to be offered and how it meets the requirements of 22 Pa. Code. Ch. 4 (relating to academic standards and assessment) or subsequent regulations promulgated to replace 22 Pa. Code Ch.4.*

24 P.S. §17-1747-A(1) (emphasis added).

These provisions of the CSL demonstrate that although both charter school and cyber charter school applicants must generally provide curricula that provides "comprehensive learning experiences" to students, a cyber charter school applicant is subject to additional, more specific curriculum requirements that are not applicable to brick and mortar charter school applicants. A cyber charter school applicant must demonstrate that its curriculum satisfies PDE Chapter 4 Regulations. Curricula compliant with PDE Chapter 4 Regulations are not required for brick and mortar charter applicants.

This interpretation is further supported by additional provisions of the CSL that specify which requirements apply to charter schools and cyber charter schools, and which do not. Section 1715-A of the CSL, 24 P.S. §17-1715-A, provides that charter schools are "exempt from statutory requirements" in the School Code and from PDE "regulations" unless provided for in the CSL. Section 1715-A of the CSL then provides a list of 12 provisions applicable to charter schools, which *does not include* PDE Chapter 4 Regulations. Section 1732-A of the CSL, 24 P.S. §17-1732-A, provides a list of various provisions of the School Code, PDE regulations, and other acts applicable to public school entities that apply to charter schools, which *does not include* PDE Chapter 4 Regulations. *See* Section 1732-A(b) of the CSL. In contrast, Section 1749-A of the CSL, 24 P.S. §17-1749-A, provides that cyber charter schools "shall be subject" to various provisions of the School Code, PDE regulations, and other acts applicable to public school entities. Section 1749-A(b)(1) of the CSL specifically provides that "cyber charter schools shall be

9

subject to the following provisions of 22 Pa. Code (relating to education): (1) Chapter 4 (relating to academic standards and assessment)." 24 P.S. §17-1749-A(b)(1).

We next turn to PDE Chapter 4 Regulations applicable to cyber charter school applicants. Section 4.2 of PDE Regulations have the stated purpose of "establish[ing] rigorous academic standards and assessments . . . to facilitate the improvement of student achievement and to provide parents and communities a measure by which school performance can be determined." 22 Pa. Code. §4.2. Relevant here, Section 4.3 of the regulations provides:

> *Curriculum* - A series of planned instruction aligned with the academic standards in each subject that is coordinated and articulated and implemented in a manner designed to result in the achievement at the proficient level by all students.
>
> *Planned instruction* – Instruction offered by a school entity based upon a written plan to enable students to achieve the academic standards under [Section] 4.12 (relating to academic standards) and any additional academic standards as determined by the school entity.
>
> *School entity* – A local public education provider (for example, public school district, charter school, cyber charter school, [area career and technical school,] or intermediate unit).

22 Pa. Code §4.3.

Sections 4.11 and 4.12 of PDE Chapter 4 Regulations, 22 Pa. Code §§4.11 and 4.12, contain additional information and requirements applicable to public schools including cyber charter schools, which are not applicable to brick and mortar charter schools. Pursuant to Section 4.11(h)(1) through (4) of PDE's regulations:

10

Public education provides planned instruction to enable students to attain academic standards under [Section] 4.12. Planned instruction consists of at least the following elements:

(1) Objectives of a planned course, instructional unit or interdisciplinary studies to be achieved by all students.

(2) Content, including materials and activities, and estimated instructional time to be devoted to achieving the academic standards. Courses, instructional units or interdisciplinary studies of varying lengths of time may be taught.

(3) The relationship between the objectives of a planned course, instructional unit or interdisciplinary studies and academic standards specified under [Section] 4.12 and any additional academic standards as determined by the school entity.

(4) Procedures for measurement of the objectives of a planned course, instructional unit or interdisciplinary studies.

22 Pa. Code. §4.11(h)(1-4).

Section 4.12 of PDE Chapter 4 Regulations provides that school entities, including cyber charter schools, must satisfy academic standards in each content area, including: science and technology; social studies to include history, geography, civics and government, and economics; arts and humanities; career education and work; health, safety, and physical education; family and consumer science; English language arts; and mathematics.

Section 4.21 of PDE Chapter 4 Regulations outlines required courses and planned instruction aligned with academic standards to be provided for elementary students, which includes planned instruction in social studies. 22 Pa. Code §4.21(e)(5). Section 4.22 of PDE Chapter 4 Regulations provides required courses for middle school students. 22 Pa. Code §4.22. Section 4.23 of PDE Chapter

11

4 Regulations provides required courses for high school students. 22 Pa. Code §4.23.

Based on the plain language of the CSL and PDE Chapter 4 Regulations, we conclude that substantial evidence supports CAB's decision to deny Virtual Prep's Revised Application for its failure to provide a curriculum that satisfies the more detailed requirements in the applicable PDE Chapter 4 Regulations. Careful review of the record reveals that Virtual Prep's proposed Grade 4 social studies curriculum, used by CAB as an exemplar, fails to meet PDE Chapter 4 Regulation requirements because it does not include "planned instruction" that describes how the course objectives will "enable students to attain academic standards" for that subject area. The Grade 4 social studies syllabus, which is part of the curriculum, comprising two pages, includes a one-paragraph general course description for each semester, a list of materials, technology skills needed, and a list of major concepts. R.R. at 133a-34a. Although a syllabus like this one may look like a standard college syllabus, it does not comply with Section 4.11(h) of PDE Chapter 4 Regulations because it lacks a list of objectives for the course or units, lacks detail on the content to be included, and lacks the estimated instructional time to be devoted to each objective. *See id.* at 133a-34a.

The second part of the Grade 4 social studies curriculum is contained in what is referred to as the "alignment," which may be described as a chart tying each concept or objective taught in the course to the Pennsylvania standard for that concept or objective. Although the Revised Application contains an alignment for Grade 4 social studies, R.R. at 135a-51a, careful review of that document demonstrates that the academic standards, listed by number in Column 1 and described in Column 2, do not "align" with course content provided in either

12

Columns 3 or 4. The course content in Columns 3 or 4 refers to "modules" or units of instruction that ***are not listed at all*** in the corresponding syllabus. *Compare id.* at 133a-34a with *id.* at 135a-51a.

We agree with CAB that "there is nothing in the CSL that requires evidence of curricula be submitted in a particular form." CAB Opinion at 22. However, we also agree with CAB that Virtual Prep's "curriculum details," using fourth grade social studies as the example, are insufficient and do not comply with PDE Chapter 4 Regulations. CAB Opinion at 22-23. We conclude that Virtual Prep's proposed curriculum for Grade 4 social studies does not provide planned instruction that demonstrates how students are to acquire each required concept, as required by the CSL and applicable PDE regulations, and we affirm CAB on that basis.

Because the more detailed requirements in PDE Chapter 4 Regulations apply to cyber charter school applicants, but not to brick and mortar charter school applicants, our Court's holdings regarding the adequacy of a charter school applicant's curriculum under Sections 1717-A and 1719-A of the CSL are helpful, but not dispositive, when applied to a cyber charter school. In *McKeesport Area School District v. Propel Charter School McKeesport*, 888 A.2d 912 (Pa. Cmwlth. 2005), our Court affirmed CAB's decision and concluded that the charter school application satisfied the applicable requirements of the CSL. Regarding the curriculum, the Court rejected the school district's argument that the charter school applicant "failed to show that it had the capability of providing a comprehensive learning experience to students," based on a "student progress assessment program" that was "seriously deficient" in core academic areas. *Id.* at 917. The Court held that the applicant's curriculum satisfied Sections 1717-A(e)(2)(i) and 1719-A(5) of

13

the CSL, when "despite having one fewer report card, [the applicant] demonstrated that it would sufficiently assess the students' work and whether the students are meeting their educational goals." *Id.* The Court did not consider whether the applicant's curriculum provided "planned instruction" as required by PDE Chapter 4 Regulations, because those regulations do not apply to brick and mortar charter school applicants.

Similarly, in *Vision Academy Charter School of Excellence v. Southeast Delco School District (Charter School Appeal Board)* (Pa. Cmwlth., No. 46 C.D. 2022, filed March 30, 2023),[9] our Court determined that CAB erred in denying the application of a brick and mortar charter school for failure to comply with Sections 1717-A(e)(2)(ii) and 1719-A of the CSL. Regarding curriculum, this Court determined that the applicant adequately described its curriculum, when its application included "Appendix B-Aligned Curriculum, which detailed curriculum frameworks aligned to PA Core Standards and Pacing Plan, PA ELL Standards, and PA academic standards." *Vision Academy*, slip op. at 18. The Court held that "substantial evidence does not support CAB's determination that the [] [a]pplication failed to demonstrate the [applicant's] capability, in terms of support and planning, to provide a comprehensive learning experience to students through its curriculum." *Id.* Again, the Court did not consider whether the applicant's curriculum provided "planned instruction" as required by PDE Chapter 4 Regulations, because those regulations do not apply to brick and mortar charter school applicants.

We further note that this Court's decision in *Insight PA Cyber Charter School v. Department of Education*, 162 A.3d 591 (Pa. Cmwlth. 2017), does not

---

[9] *See* Pa.R.A.P. 126(b)(1)-(2) ("As used in this rule, 'non-precedential decision' refers to . . . an unreported memorandum opinion of the Commonwealth Court filed after January 15, 2008. [] Non-precedential decisions . . . may be cited for their persuasive value.").

14

provide applicable guidance here.  In *Insight PA Cyber Charter School*, our Court reversed CAB's denial of the cyber charter school's application, but curriculum was not at issue or discussed.

Finally, Section 1747-A of the CSL provides that, in addition to the requirements of Section 1719-A of the CSL, a cyber charter school application must include the curriculum to be offered "and how it meets the requirements" of PDE Chapter 4 Regulations. *See* Section 1747-A(1) of the CSL.  Based on our conclusion that Virtual Prep's Revised Application failed to provide a curriculum compliant with PDE Chapter 4 Regulations, we also affirm CAB's denial on this basis.

Accordingly, we affirm CAB's order.

MICHAEL H. WOJCIK, Judge

15

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Virtual Preparatory Academy of PA :
Cyber Charter School, :
 :
    Petitioner :
 :
   v. : No. 1053 C.D. 2022
 :
Pennsylvania Department of :
Education (State Charter School :
Appeal Board), :
 :
    Respondent :

# **O R D E R**


AND NOW, this 17th day of December, 2024, the September 2, 2022 order of the Pennsylvania Department of Education, State Charter School Appeal Board, is AFFIRMED.


_____
MICHAEL H. WOJCIK, Judge

Virtual Preparatory Academy of PA  :
Cyber Charter School,               :
                    Petitioner      :
                                    :
          v.                        :         No. 1053 C.D. 2022
                                    :         Argued: November 6, 2023
Pennsylvania Department of          :
Education (State Charter School     :
Appeal Board),                      :
                    Respondent      :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

DISSENTING OPINION
BY SENIOR JUDGE LEAVITT                    FILED: December 17, 2024

          The charter school application submitted by Virtual Preparatory Academy of PA Cyber Charter School (Virtual Prep) was required to include the "curriculum to be provided and how it meets the requirements of 22 Pa. Code Ch. 4."[1] Section 1747-A(1) of the Charter School Law,[2] 24 P.S. §17-1747-A(1). Virtual Prep's application demonstrated that its proposed curriculum complies with Chapter 4 of the Pennsylvania Department of Education's (Department) regulation and, as such, with Section 1747-A(1) of the Charter School Law. Respectfully, I dissent from the majority's contrary holding.

          In denying a charter to Virtual Prep, the Pennsylvania State Charter School Appeal Board (CAB) stated that "Virtual Prep did not meet its burden to

---

[1] 22 Pa. Code §§4.1-4.83.

[2] Act of March 10, 1949, P.L. 30, *as amended*, added by the Act of June 19, 1997, P.L. 225, 24 P.S. §§17-1701-A – 17-1751-A. Sections 1741-A – 1751-A of the Charter School Law were added by the Act of June 29, 2002, P.L. 524, to establish requirements specific to cyber charter schools.

show that it met the standards under 22 Pa. Code Ch. 4 regarding curriculum," and the "requirements of Section 1747-A regarding a complete curriculum." CAB Adjudication at 9, Conclusions of Law ¶¶6-7.

Section 1747-A(1) of the Charter School Law states as follows:

An application to establish a charter school shall include all of the following information:

(1) *The curriculum to be offered and how it meets the requirements of 22 Pa. Code Ch. 4* (relating to academic standards and assessment) or *subsequent regulations promulgated to replace 22 Pa. Code Ch. 4*.

24 P.S. §17-1747-A(1) (emphasis added). In addition, the application must address

[t]he mission and education goals of the charter school, *the curriculum to be offered* and the methods of assessing whether students are meeting educational goals.

Section 1719-A(5) of the Charter School Law, 24 P.S. §17-1719-A(5) (emphasis added).

The Department of Education's Chapter 4 regulation defines "curriculum" as "[a] series of *planned instruction* aligned with the academic standards in each subject that is coordinated and articulated and implemented in a manner designed to result in the achievement at the proficient level by all students." 22 Pa. Code §4.3 (emphasis added). In turn, the regulation establishes the elements of "planned instruction" as follows:

(h) Public education provides planned instruction to enable students to attain academic standards under [Section] 4.12. Planned instruction consists of at least the following elements:

(1) Objectives of a planned course, instructional unit or interdisciplinary studies to be achieved by all students.

(2) Content, including materials and activities, and estimated instructional time to be devoted to achieving the academic standards. Courses, instructional units or

MHL-2

interdisciplinary studies of varying lengths of time may be taught.

(3) The relationship between the objectives of a planned course, instructional unit or interdisciplinary studies and academic standards specified under [Section] 4.12 and any additional academic standards as determined by the school entity.

(4) Procedures for measurement of the objectives of a planned course, instructional unit or interdisciplinary studies.

22 Pa. Code §4.11(h)(1)-(4). This is barely comprehensible. Nevertheless, the educational institution is required, somehow, to align a "series" of these elements to the academic standard for each subject that is "coordinated and articulated and implemented in a manner designed to result in the achievement at the proficient level by all students." 22 Pa. Code §4.3.

To be sure, the General Assembly has made the edubabble in Chapter 4 its own. It has even incorporated the Department's future embroideries to Chapter 4 into the Charter School Law. *See* 24 P.S. §17-1747-A(1) ("subsequent regulations" fall within the ambit of the legislature's adoption of the Department's handiwork). This suggests an improper delegation of legislative power to the executive branch. "It is *axiomatic* that the Legislature cannot constitutionally delegate the power to make law to any other branch of government or to any other body or authority." *Blackwell v. State Ethics Commission*, 567 A.2d 632, 636 (Pa. 1989) (emphasis in original). Properly, Virtual Prep challenges the retroactive application of the Department regulations, an issue not addressed by the majority.

To support its holding that Virtual Prep's proposed curriculum did not satisfy Chapter 4, the CAB made two findings of fact:

40. The Revised Application provides curricula in English Language Arts and Mathematics for grades K through 5. []

MHL-3

41.  For these same subjects, the Revised Application provides only course syllabi for the higher grades.

CAB Adjudication at 7, Findings of Fact Nos. 40-41.  The remainder of the CAB's reasons for rejecting Virtual Prep's proposed curriculum consists of conclusory potshots.  As pointed out by Virtual Prep, the CAB's analysis of Virtual Prep's application comes down to a disagreement with the policy decision of the General Assembly to authorize virtual charter schools or an objection to the format of its application as it regards curriculum.  Neither provides a valid reason for disapproval.

The CAB erred in several and distinct ways.

First, "a charter school application is not required to 'completely describe the content of the curriculum.'"  *Vision Academy Charter School of Excellence v. Southeast Delco School District (Charter School Appeal Board)* (Pa. Cmwlth., No. 46 C.D. 2022, filed March 30, 2023) (unreported),[3] slip op. at 16 (citation omitted).  The Charter School Law requires only that the curriculum proposed by an applicant "be adequately described."  *Id*.  The CAB ignored this directive in its review of Virtual Prep's proposed curriculum.

Valiantly, Virtual Prep described, in meticulous detail, how it will satisfy the Department's foggy regulation on curriculum for grades 6-12 in Language Arts and Math.  *See* Supplemental Reproduced Record at 349b-543b, 645b-805b, 1408b-1637b, 1669b-1746b.  Virtual Prep's brief details the errors in the decision of the Department and the CAB in their application of Chapter 4 to Virtual Prep's proposed curriculum.  *See* Virtual Prep Brief at 50-63.  By comparison, the CAB's adjudication can only be described as ham-handed.

---

[3] An unreported panel decision of this Court, "issued after January 15, 2008," may be cited "for its persuasive value[.]"  Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

MHL-4

Second, in *Community Service Leadership Development Charter School v. Pittsburgh School District*, 34 A.3d 919, 925 (Pa. Cmwlth. 2012), this Court instructed that any disapproval of a charter school application must provide guidance on how the deficient application can be remedied. The CAB did not come close. It made no factual findings about the deficiencies in Virtual Prep's proposed Social Studies curriculum, for example, let alone any guidance on how to cure the so-called "deficiencies." Likewise, the CAB omitted this guidance with respect to the other stated grounds for disapproval of Virtual Prep's charter application.

Virtual Prep identified six other errors by the CAB.[4] The majority does not address them because it affirms the CAB's conclusion that Virtual Prep's proposed curriculum did not satisfy Chapter 4. I believe the majority has a responsibility to address all the issues so that Virtual Prep can learn how to submit a winning application. *Community Service Leadership Development Charter School*, 34 A.3d at 925. Without this Court's disposition of each issue, we leave Virtual Prep in the dark. It needs this Court's guidance, as well as that of the CAB, in order to know how to fashion a new application.

I agree with Virtual Prep that the CAB "acted as little more than a time-consuming rubber-stamp for the Department's denial." Virtual Prep Reply Brief at 1. In 2017, this Court observed that in their review of another cyberschool's charter school application, the Department and the CAB improperly substituted their judgment for that of the charter school board. *Insight PA Cyber Charter School v. Department of Education*, 162 A.3d 591, 612 (Pa. Cmwlth. 2017) (*en banc*). Nothing has changed.

---

[4] To address the requirement that it had "sustainable support" for its cyberschool, Virtual Prep submitted documentary evidence of support from 765 citizens. The CAB held this did not suffice because parents, educators, and students did not appear at the public meeting. There is no such requirement in the Charter School Law. Even so, it was incumbent upon the CAB to state how many such personal appearances will suffice should Virtual Prep decide to try again.

MHL-5

I would reverse the CAB and order the Department to issue Virtual Prep a charter.

_____
MARY HANNAH LEAVITT, President Judge Emerita

MHL-6